**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID ARONSTEIN; LESLEY
STROLL, a/k/a Lesley Aronstein,

    Plaintiffs - Appellants,

v.

THOMPSON CREEK METALS
COMPANY, INC.; KEVIN LOUGHREY;
PAMELA SAXTON; PAMELA SOLLY,

    Defendants - Appellees,

and

JAMES L. FREER; JAMES P. GEYER;
TIMOTHY J. HADDON; CAROL T.
BANDUCCI; THOMAS J. O'NEIL;
DENIS C. ARSENAULT; WENDY
CASSITY,

    Defendants.

No. 17-1178
(D.C. No. 1:15-CV-00204-RM-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs David Aronstein and Lesley Stroll, proceeding pro se, appeal from the district court's judgment in favor of the defendants. Plaintiffs' complaint asserted securities fraud claims based on Conn. Gen. Stat. §§ 36b-4 and 36b-29 and state-law fraudulent and negligent misrepresentation claims against the defendants. The district court granted defendants' motion for summary judgment and denied plaintiffs' motion for partial summary judgment concerning these claims. It also denied as futile plaintiffs' motion to file a third amended complaint.

We review the district court's grant of summary judgment de novo. *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017). "Summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "Although we generally review for abuse of discretion a district court's denial of leave to amend a complaint, when this denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015) (internal quotation marks omitted).

Plaintiffs raise the following issues:

1. Whether the district court erred in finding that Thompson Creek Metals Company, Inc. (TCM) met its Item 303 disclosure obligations with regards to the pending budget increases of the Mt. Milligan Project.

2. Whether the district court erred in distinguishing this action from *SEC v. Curshen*, 372 F. App'x 872 (10th Cir. 2010) with regard to misleading statements made in TCM's Q4 2010 investor conference call.

3. Whether the district court erred in finding that TCM met its Item 303 disclosure obligations with regard to the non-construction capital cost requirements of the Mt. Milligan Project, or whether it erred in finding that TCM's 2011 Q1 and Q2 10-Q forms, along with its investor presentations, were not misleading.

4. Whether the district court erred in finding that TCM's Chief Financial Officer and Investor Relations Director did not make materially false and misleading statements during two telephone conversations with plaintiff David Aronstein on April 25, 2012.

5. Whether the district court erred in imputing knowledge of a negative liquidity covenant to Plaintiffs.

6. Whether the district court erred by denying Plaintiffs' motion to file a third amended complaint, finding that it would be futile to grant them leave to amend.

7. Whether the district court acted as defendants' advocate.

8. Whether Connecticut law allows for questions of intent to be decided in summary-judgment proceedings.

9. Whether the law-of-the-case doctrine establishes that sales of common shares by TCM, its officers, and its board members, satisfy the primary violator standard of Conn. Gen. Stat. § 36b-29.

3

10. Whether all of the alleged misrepresentations and omissions satisfy the "in connection with" standard of Conn. Gen. Stat. §36b-4.

11. Whether all of the misrepresentations and omissions that underlie this action were "material."

Having reviewed the record, the briefs, and the applicable law in light of the above-referenced standards of review, we affirm the district court's judgment for substantially the reasons stated in its well-reasoned Order of April 27, 2017, and Opinion and Order of April 28, 2017.

Entered for the Court


Timothy M. Tymkovich
Chief Judge